*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

V

LADARRIUS SHAQUOR WOODS,

Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 344313
Jackson Circuit Court
LC No. 16-005177-FC

ON REMAND

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant appealed by right his jury trial convictions of assault with intent to commit murder (AWIM), MCL 750.83, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 8 to 20 years' imprisonment for the AWIM conviction, 3 to 5 years' imprisonment for the CCW conviction, and 2 years' imprisonment for the felony-firearm conviction. The trial court also imposed court costs. In an earlier opinion, this panel affirmed defendant's convictions and sentences, including the imposition of court costs. *People v Woods*, unpublished per curiam opinion of the Court of Appeals, issued December 19, 2019 (Docket No. 344313). On remand from our Supreme Court, we again affirm.

In the prior appeal, defendant had argued in part that the trial court's assessment of court costs under MCL 769.1k(1)(b)(*iii*) constituted an unconstitutional tax. We rejected the argument on the basis that this Court in *People v Cameron*, 319 Mich App 215, 218; 900 NW2d 658 (2017), which is binding precedent under MCR 7.215(J)(1), had rejected the very same argument. *Woods*, unpub op at 9-10. On leave to appeal to the Michigan Supreme Court, defendant switched gears and dropped his contention that MCL 769.1k(1)(b)(*iii*) constituted an unconstitutional tax. Instead, he argued to the Supreme Court that MCL 769.1k(1)(b)(*iii*) is "unconstitutional because it undermines criminal defendants' right to appear before a neutral judge and prevents the judicial branch from accomplishing its constitutionally assigned functions of maintaining neutrality in

-1-

criminal proceedings and in self-regulation." Defendant also raised several other issues that are no longer relevant. In *People v Woods*, 506 Mich 938 (2020), our Supreme Court ruled:

> On order of the Court, the application for leave to appeal the December 19, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the judgment of the Court of Appeals addressing the trial court's assessment of court costs pursuant to MCL 769.1k(1)(b)(*iii*), and we REMAND this case to the Court of Appeals, which shall hold this case in abeyance pending its decision in *People v Lewis* (Court of Appeals Docket No. 350287). After *Lewis* is decided, the Court of Appeals shall reconsider this case in light of *Lewis*. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

This Court has now issued an opinion in *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued May 13, 2021 (Docket No. 350287). Relying on and bound by this Court's published opinion in *People v Johnson*, __ Mich App __; __ NW2d __ (2021) (Docket No. 351308), the *Lewis* panel held that MCL 769.1k(1)(b)(*iii*) does not violate due process or the separation of powers doctrine, rejecting the defendant's argument that the imposition of court costs incentivizes or pressures trial judges to unconstitutionally convict defendants in order to obtain costs and fund trial courts. *Lewis*, unpub op at 4-8.

We agree with the analysis and conclusion in *Lewis,* and we are likewise bound by *Johnson*. Accordingly, we hold that MCL 769.1k(1)(b)(*iii*) is constitutional; therefore, the imposition of court costs in this case was proper.

We affirm.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford